### COHEN et al. v. YALKUT.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

COURTS (§ 189*)—DETERMINATION OF ISSUES.

Under Municipal Court Act (Laws 1902, c. 580) § 230, requiring all issues to be decided, failure to determine a counterclaim in issue requires reversal of judgment for plaintiff.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Cohen and another against Abraham Yalkut. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Jacob W. Block, of New York City, for appellant.
Elgin L. McBurney, of New York City, for respondents.

SEABURY, J. The complaint was for damages for breach of contract. The answer contained a general denial and counterclaim. The learned court below rendered judgment for the plaintiff, but, so far as the record shows, made no disposition of the counterclaim. From the record we are unable to determine whether this was an oversight, or whether judgment was rendered for the amount of the plaintiff's claim, because the court did not credit the testimony upon which the defendant relied to establish his counterclaim. Under section 230 of the Municipal Court Act (Laws 1902, c. 580), the court is required, upon issue joined, to decide all questions of fact and law, and render judgment accordingly. The counterclaim was in issue, and the failure of the court below to determine this issue necessitates a reversal of the judgment. Schaffer v. Fihrer (Sup.) 133 N. Y. Supp. 921.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes